IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN JAMES KARPINSKI, | ) |
| Plaintiff, | ) |
| vs. | ) Criminal No. 3:21-cv-221 |
| PENNSYLVANIA REPARTMENT OF CORRECTIONS, et al. | ) Judge Stephanie L. Haines |
| Defendants, | ) |

## MEMORANDUM ORDER

This is a civil rights case brought by Plaintiff Steven James Karpinski ("Plaintiff") against Defendants relating to medical care he received while he was incarcerated at the Pennsylvania Department of Corrections State Correctional Institution at Somerset ("SCI-Somerset"). This matter was referred to Magistrate Judge Keith A. Pesto in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

Plaintiff's claims in his Complaint (ECF No. 5) are based on the medical care he received between May 29, 2019 and December 29, 2019, when he was at S.C.I. Somerset. On February 23, 2023, Plaintiff filed a "Petition for Injunction" (ECF No. 30). In his petition, Plaintiff asked the Court to issue an injunction against the Pennsylvania Department of Corrections and SCI-Laurel Highlands in order to prohibit them from interfering with his 14th Amendment right of access to the courts.

On March 22, 2023, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 35) recommending Plaintiff's request for an injunction be denied as Plaintiff had failed to show he was entitled to injunctive relief. Plaintiff was advised that he had fourteen days to file written objections to the Report and Recommendation. See 28 U.S.C.§ 636 (b)(1)(B) and (C) and

1

Local Civil Rule 72.D.2. Plaintiff did not file objections,[1] and the time to do so has expired.

Upon review of the record and the Report and Recommendation (ECF No. 35) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of the Magistrate Judge in this matter.

Magistrate Judge Pesto correctly determined Plaintiff failed to show he is entitled to injunctive relief. To obtain the "extraordinary remedy" of a preliminary injunction, the moving party must establish: "(1) a likelihood of success on the merits; (2) that [he] will suffer irreparable harm if the injunction is denied; (3) that granting preliminary relief will not result in even greater harm to the nonmoving party; and (4) that the public interest favors such relief." *Kos Pharms., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004). Absent a showing of immediate, irreparable injury, the court should deny preliminary injunctive relief. *Acierno v. New Castle Cnty.*, 40 F.3d 645, 655 (3d Cir. 1994). Additionally, because of the "complex and intractable problems of prison administration," a request for injunctive relief in the prison context calls for caution and judicial restraint. *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995); *see also* 18 U.S.C. § 3626(a)(2).

Here, Plaintiff fails to state a claim for injunctive relief as to his right to access to the courts. Prisoners do have a fundamental right to access the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). However, a prisoner making an access to the courts claim is required to show that the denial of access caused actual injury. *Id.* at 352-53. Actual injury occurs when a prisoner demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access

---

[1] Plaintiff's Objections at ECF No. 39 do not relate to his request for injunctive relief but instead relate to the Report and Recommendation filed at ECF No. 38 regarding the Department of Corrections Defendants' Motion to Dismiss at ECF No. 18.

to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Plaintiff has failed to allege that his past deprivations of access to the law library have caused him "actual injury" in his ability to litigate his claims in this case, let alone that he lost any claims in this matter because of the alleged denial of access to the courts.

Accordingly, the following order is entered:

### ORDER OF COURT

AND NOW, this 5th day of June, 2023, IT IS HEREBY ORDERED that for the reasons set forth in the Magistrate Judge's Report and Recommendation (ECF No. 35), which is adopted in whole as the opinion of the Court, Plaintiff's "Petition for Injunction" (ECF No. 30) is DENIED.

Stephanie L. Haines
United States District Judge