IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STEVEN JAMES KARPINSKI, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | |
| ) | Criminal No. 3:21-cv-221 |
| PENNSYLVANIA DEPARTMENT OF ) | Judge Stephanie L. Haines |
| CORRECTIONS, et al. ) | |
| ) | |
| Defendants, ) | |
| ) | |
| ) | |

**MEMORANDUM ORDER**

This is a civil rights case brought by Plaintiff Steven James Karpinski ("Plaintiff") against Defendants relating to medical care he received while he was incarcerated at the Pennsylvania Department of Corrections State Correctional Institution at Somerset ("SCI-Somerset"). This matter was referred to Magistrate Judge Keith A. Pesto in accordance with the Federal Magistrates Act, 28 U.S.C. § 636, and Local Civil Rule 72.D.

**I.      Factual and Procedural Background**

Plaintiff's claims in his Complaint (ECF No. 5) are based on the medical care he received between May 29, 2019 and December 29, 2019, when he was at SCI Somerset. Plaintiff's allegations are directed at the following two groups of Defendants: 1) his medical care providers (Defendants Wellpath, LLC, Dr. Kansky Delisma, Ellis Kaufman, Roxanne Playso, and Richard Hutchinson) ("Medical Defendants") and 2) corrections personnel or administrators (Defendants Department of Corrections Bureau of Health Care Services, Corrections Officer Shawley, Gerald Puskar, Eric Tice, Captain Minor, and Lt. Whitacre) ("Corrections Defendants"). On July 24, 2022, the Corrections Defendants filed a Motion to Dismiss for Failure to State a Claim (ECF No. 18). Plaintiff did not file a response within the time in which to do so, and on September 13,

1

2022, Magistrate Judge Pesto issued a Report and Recommendation (ECF No. 22) which recommended that this Court should grant the Corrections Defendants' Motion to Dismiss (ECF No. 18). Plaintiff then filed Objections (ECF No. 23) thereto, wherein he advised the Court that he had not received the Corrections Defendants' Motion to Dismiss (ECF No. 18). Accordingly, the Court ordered the Corrections Defendants to deliver the Motion to Dismiss (ECF No. 18) and Brief in Support (ECF No. 19) to Plaintiff and provide proof of service by November 15, 2022 (ECF No. 24). Plaintiff's response was due on or before December 15, 2022, but as the Corrections Defendants did not serve Plaintiff until January 11, 2023 (ECF No. 25), this Court extended the deadline for Plaintiff's response to February 10, 2023 (ECF No. 26). On February 23, 2023, Plaintiff sought another extension to file a response (ECF No. 29), which the Court granted (ECF No. 33) and set the response deadline for April 20, 2023. On April 24, 2023, Plaintiff filed his Response to the Correction Defendants' Motion to Dismiss (ECF No. 36). On April 26, 2023, Magistrate Judge Pesto issued his Report and Recommendation (ECF No. 38) which again recommended that this Court should grant the Corrections Defendants' Motion to Dismiss (ECF No. 18). Plaintiff was advised he had 14 days within which to file objections to the Report and Recommendation (ECF No. 38), and on May 17, 2023, Plaintiff filed Objections (ECF No. 39).

    **II.**    **Legal Standard**

When a party objects timely to a magistrate judge's report and recommendation, the district court must "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *EEOC v. City of Long Branch*, 866 F.3d 93, 99 (3d Cir. 2017) (quoting 28 U.S.C. § 636(b)(1)); *see also* Local Civil Rule 72.D.2. Upon *de novo* review of all documents, pleadings, and filings of record, the Report and Recommendation (ECF No. 38), and Plaintiff's Objections (ECF No. 39), and pursuant to

Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter and overrule Plaintiff's Objections (ECF No. 39).

**III.    Analysis**

As previously stated, Plaintiff alleges that between May 29, 2019 and December 29, 2019, Defendants Wellpath, LLC and PA DOC's Bureau of Health Care Services ("BHCS") failed to "provide capable and sufficient staff to diagnose [his] detached retina, increased ocular pressure and injured wrist" (ECF No. 5 ¶ 1). Specifically, Plaintiff alleges that Defendant Puskar failed to schedule office visits to appropriately diagnose Plaintiff's injuries, and Defendant Tice failed to intervene when Plaintiff complained of inadequate care and his sick call requests being ignored. *Id*. at ¶ 4. As to Defendants Captain Minor, Lt. Whitacre, and C.O. Shawley, Plaintiff alleges they denied him the basic needs of personal hygiene, including not having access to clean linens towels, and toilet paper during a time when he was housed in the Restrictive Housing Unit ("RHU").

First, as to Plaintiff's claims against Defendant PA DOC's BHCS, the Eleventh Amendment bars suits against state governments in federal courts, and this immunity extends to any entity that is an arm of the state. *See Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997). "The DOC is quintessentially an arm of the state and is funded by, controlled by, and accountable to the state." *Fox v. Bayside State Prison*, 726 Fed. Appx. 865, 867-68 (3d Cir. 2018) (citing *Koslow v. Pennsylvania*, 302 F.3d 161, 169 (3d Cir. 2002)); *Braun v. State Correctional Institution at Somerset*, 2010 WL 10398, at *5 (W.D. Pa. 2010) (explaining that SCI Somerset "is not an individual entity; rather, it is merely a facility run by the DOC…it shares in the Commonwealth's Eleventh Amendment immunity."). In his Objections (ECF No. 39), Plaintiff contests whether or not the PA DOC and its BHCS should qualify for immunity. However, it is well established that Plaintiff's instant federal civil rights claims against this state

3

agency are barred both by the Eleventh Amendment, *Lavia v. Pennsylvania Dept. of Corr.*, 224 F.3d 190, 195 (3d Cir. 2000), and by § 1983, which by its terms does not apply to state agencies. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989); *see Robinson v. Correct Care Sols., LLC*, No. 1:20-CV-02406, 2022 U.S. Dist. LEXIS 44505, at *12 (M.D. Pa. Mar. 14, 2022). Accordingly, Plaintiff's claims for damages against the PA DOC's BHCS should be dismissed with prejudice.

As to Plaintiff's remaining claims, the Eighth Amendment prohibits prison officials from being deliberately indifferent to an inmate's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "The test for deliberate indifference is two-fold: the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (internal citation omitted). To succeed on an Eighth Amendment medical needs claim, "a plaintiff must make (1) a subjective showing that 'the defendants were deliberately indifferent to [his or her] medical needs' and (2) an objective showing that 'those needs were serious.'" *Pearson v. Prison Health Serv.*, 850 F.3d 526, 534 (3d Cir. 2017) (quoting *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999)).

Allegations of negligent treatment, including medical malpractice, do not trigger the protections of the Eighth Amendment. *See Estelle*, 429 U.S. at 105-06. As such, a plaintiff cannot show deliberate indifference simply by demonstrating negligence in addressing a medical condition or a disagreement over the course of treatment received. *Durmer v. O'Carroll*, 991 F.2d 64, 67 (3d Cir. 1993) (explaining that deliberate indifference requires something "more than negligence"); *Monmouth Cty. Corr. Institutional Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987) ("[M]ere allegations of [medical] malpractice do not raise issues of constitutional

4

import."); *id.* ("[M]ere disagreement as to the proper medical treatment [does not] support a claim of an [E]ighth [A]mendment violation.").

The Third Circuit has previously concluded that non-medical prison officials are generally justified in relying on the expertise and care of prison medical providers. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004) ("[A]bsent a reason to believe (or actual knowledge) that prison doctors or their assistants are mistreating (or not treating) a prisoner, a non-medical prison official…will not be chargeable with the Eighth Amendment scienter requirement of deliberate indifference."). Plaintiff's Complaint (ECF No. 5) plainly describes that he was treated and seen by the Medical Defendants during the time period at issue (ECF No. 5 at ¶¶3, 7-19), and these allegations are the basis for his claims against the Medical Defendants for their failure to appropriately treat him during that time period. Accordingly, the Court agrees with Magistrate Judge Pesto's determination that Plaintiff has failed to state facts that support the Corrections Defendants were deliberately indifferent to Plaintiff's medical needs.

Regarding Plaintiff's conditions of confinement claim, to succeed on an Eighth Amendment conditions of confinement claim, a plaintiff must demonstrate both an objective element — that the deprivation was sufficiently serious, and a subjective element — that the prison officials acted with a sufficiently culpable mind. *Wilson v. Seiter*, 501 U.S. 294, 298 (1991). Prison conditions may objectively violate the Eighth Amendment proscription against cruel and unusual punishment when inmates are deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). In his Objections (ECF No. 39), Plaintiff alleges he adequately pleaded his conditions of confinement claim because he claimed he was deprived of toilet paper, showers, and clean towels at times. However, Plaintiff's Complaint alleges only that he was provided with one towel for a week while he was in the RHU (ECF No. 5 at ¶21). Plaintiff's Objections attach a number of grievances (ECF No.

5

39-2) which document his requests for a second towel and also evidence that he was provided with an allotted amount of toilet paper and showers. Upon *de novo* review of these documents, they do not support Plaintiff's contention that he was deprived of the minimal civilized measure of life's necessities.

Plaintiff has had ample opportunity to state his claims against the Corrections Defendants and has included documentation in support of these claims with his Response (ECF No. 36) and Objections (ECF No. 39). Upon review of these documents and Plaintiff's multiple submissions to the Court in support of his claims against the Corrections Defendants, the Court concludes Plaintiff's Objections (ECF No. 39) are unavailing, and he has failed to state a claim against the Corrections Defendants. Given Plaintiff's opportunities to state his claims in this case against the Corrections Defendants, but repeated failure to do so, the Court agrees with Magistrate Judge Pesto's recommendation that the dismissal of the Corrections Defendants and the claims against them shall be with prejudice as amendment would be futile. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008) (dismissal is appropriate where amendment "would be inequitable or futile.").

### IV.   Conclusion

For the foregoing reasons, the Corrections Defendants' Motion to Dismiss (ECF No. 18) is granted, and those Defendants are dismissed with prejudice from this matter. The Court adopts Magistrate Judge Pesto's Report and Recommendation (ECF No. 38) in whole as the opinion of this Court, and Plaintiff's Objections (ECF No. 39) are overruled. Accordingly, the following order is entered:

**ORDER OF COURT**

AND NOW, this 12th day of June, 2023, IT IS HEREBY ORDERED that the Motion to Dismiss filed by Defendants Department of Corrections Bureau of Health Care Services, Corrections Officer Shawley, Gerald Puskar, Eric Tice, Captain Minor, and Lt. Whitacre (ECF No. 18) is GRANTED, and Plaintiff's claims against those Defendants are hereby DISMISSED WITH PREJUDICE; and,

IT IS FURTHER ORDERED that Plaintiff's Objections (ECF No. 39) are OVERRULED, and the Magistrate Judge's Report and Recommendation (ECF No. 38) is adopted in whole as the Opinion of the Court.

_____
Stephanie L. Haines
United States District Judge