IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

STEVEN JAMES KARPINSKI,        )
       )
       Plaintiff,        )
       )
       vs.        )    Civil Action No. 3:21-cv-221
       )    Judge Stephanie L. Haines
PENNSYLVANIA DEPARTMENT OF    )    Magistrate Judge Keith A. Pesto
CORRECTIONS *et al.*,        )
       )
       Defendants.        )

## MEMORANDUM ORDER

Presently before the Court is a Motion to Dismiss a Complaint (ECF No. 87) filed by defendant Richard Irwin ("Dr. Irwin"). The Complaint at issue is a Complaint in Civil Action pursuant to 42 U.S.C. § 1983 that was filed *pro se* by Steven James Karpinski ("Plaintiff") (ECF No. 5). Dr. Irwin was an Optometrist working at the State Correctional Institution at Somerset ("SCI-Somerset") during the time of Plaintiff's alleged facts. Plaintiff asserts that on July 17, 2019, Dr. Irwin "failed to diagnose [Plaintiff's] detached retina or refer [him] to a qualified doctor who could. He also failed to note [Plaintiff's] complaints." ECF No. 5, p. 4 ¶ 13.

Dr. Irwin's Brief in Support of his Motion to Dismiss (ECF No. 88) seeks dismissal on alternative grounds. First, it seeks to dismiss for failure to exhaust administrative remedies, second it seeks to dismiss for failure to state a claim under the Federal Rules of Civil Procedure (FRCP) 12(b)(6). The Motion to Dismiss was referred to Magistrate Judge Keith A. Pesto for proceedings in accordance with the Federal Magistrates Act, 28 U.S. C. § 636, and Local Civil Rule 72.D.

On November 5, 2024, Magistrate Judge Pesto filed a Report and Recommendation (ECF No. 126) which focused on the standard of law under FRCP 12(b)(6) and recommended that the Motion to Dismiss (ECF No. 87) be granted without leave to amend. ECF No. 126, pp. 1, 2. The

1

Parties were advised that they had fourteen days to file written objections. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. No objections were filed, and the time to do so has expired.[1]

Upon review of the record and the Report and Recommendation (ECF No. 126) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely and specific objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Magistrate Judge Pesto in this matter. Judge Pesto correctly determined that Plaintiff's Compliant lacked sufficient pleading of facts to make a plausible claim. ECF No. 126, p. 2. Judge Pesto also correctly found that even if the Court were to entertain an Eighth Amendment claim as to deliberate indifference of a serious medical need, Plaintiff's allegations would not satisfy the elements of the claim. This Court agrees.

"Pursuant to the Eighth Amendment's prohibition on cruel and unusual punishment, prison officials are required to provide basic medical treatment to inmates." *Rouse v. Plantier,* 182 F.3d 192, 197 (3d Cir.1999). To establish an Eighth Amendment claim based on inadequate medical care, Plaintiff must produce evidence to support two elements. First, he must make an objective showing that his medical need was serious. *See id.* Second, he must make a subjective showing that Dr. Irwin was deliberately indifferent to his serious medical need. *See id.* This Court is willing to concede that a detached retina is a serious medical need. Therefore, it is the second prong, whether Dr. Irwin was deliberately indifferent to Plaintiff's serious medical need that would be at issue. There is a high standard for proving "deliberate indifference".

---

[1] The Court notes that Plaintiff filed a pleading called "Objections to Magistrate Judge Pesto's Order of November 6, 2024". Plaintiff's Objections are directed at Judge Pesto's Memorandum Order (ECF No. 125) denying Plaintiff's Motion for Reconsideration (ECF No. 119) and in no way relates to the Report and Recommendation at issue (ECF No. 126) or the arguments contemplated in therein.

2

> To act with deliberate indifference to serious medical needs is to recklessly disregard a substantial risk of serious harm. *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976); *Farmer v. Brennan*, 511 U.S. 825, 836 (1994). Deliberate indifference may be shown by "intentionally denying or delaying medical care." *Estelle*, 429 U.S. at 104. "The question under the Eighth Amendment is whether prison officials, acting with deliberate indifference, exposed a prisoner to a sufficiently substantial 'risk of serious damage to his future health,'" *Farmer v. Brennan*, 511 U.S. 825, 843 (1994) (quoting *Helling v. McKinney*, 509 U.S. 25, 35 (1993)). Under a recklessness standard, "prison officials who actually knew of a substantial risk to inmate health or safety may be found free from liability if they responded reasonably to the risk." *Farmer*, 511 U.S. at 844.

Under *Estelle v. Gamble*, Plaintiff must provide some evidence that Dr. Irwin knew of Plaintiff's detached retina and refused to treat it. It is not enough to say that Dr. Irwin failed to diagnose Plaintiff or refer Plaintiff to another doctor. There simply are no allegations that support that Dr. Irwin demonstrated a deliberate indifference to Plaintiff's serious medical condition.

Furthermore, the Court has no basis to believe that Dr Irwin's actions could be characterized as reckless disregard for Plaintiff's medical needs. There is no evidence that Dr. Irwin knew of or suspected a retinal detachment. Dr. Irwin cannot be found to have treated Plaintiff with reckless disregard as to a condition of which Dr. Irwin was unaware. Even if Dr. Irwin's medical attention was found to be negligent, negligence is not enough to rise to an Eighth Amendment deliberate indifference claim.

A "plaintiff alleging deliberate indifference must show more than negligence or misdiagnosis of an ailment." *Comstock v. McCrary*, 273 F.3d 693, 703 (6th Cir. 2001).

The Court of Appeals for the Third Circuit has explained:

> It is well-settled that claims of negligence or medical malpractice, without some more culpable state of mind, do not constitute "deliberate indifference."
> ***
> "Deliberate indifference," therefore, requires "obduracy and wantonness," *Whitley v. Albers*, 475 U.S. 312, 319 (1986), which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk. *See Farmer v. Brennan*, 511 U.S. 825, 842 (1994) (stating that "it is enough that the official acted or failed to act despite his knowledge of a substantial risk of serious harm").

3

*Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999) (parallel citations omitted); *see, e.g., Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("Allegations of medical malpractice are not sufficient to establish a Constitutional violation."). Thus, "the mere receipt of inadequate medical care does not itself amount to deliberate indifference—the defendant must also act with the requisite state of mind when providing that inadequate care." *Pearson v. Prison Health Serv.*, 850 F.3d 526, 535 (3d Cir. 2017).

Accordingly, the following order is entered:

## ORDER

AND NOW, this 22nd day of January, 2026, IT IS ORDERED that the Motion to Dismiss (ECF No. 87) hereby is GRANTED; and,

IT IS FURTHER ORDERED that Magistrate Judge Pesto's Report and Recommendation (ECF No. 126) is adopted as the Opinion of the Court; and,

This case is returned to the jurisdiction of the Magistrate Judge for further proceedings.

Stephanie L. Haines
United States District Judge

STEVEN JAMES KARPINSKI
MX8476
SCI HUNTINGDON
1100 Pike Street
Huntingdon, PA 16652
PRO SE